United States District Court
Southern District of Texas
**ENTERED**
November 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LWIN HTIKE, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-03133 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § | |
| Defendant. | § | |

OPINION AND ORDER
DENYING SUMMARY JUDGMENT

The motion by Defendant State Farm Mutual Automobile Insurance Company for summary judgment on the breach-of-contract claim asserted by Plaintiff Lwin Htike is denied. Dkt 29.

1. Background

This is an insurance dispute related to a parking lot hit-and-run accident that occurred on June 20, 2018. Htike asserts that a car struck her while she was sitting in her car in a Walmart parking lot, causing her "serious personal injuries" and minor damages to her car. See Dkt 29-2 at 18–20, 33 (Htike deposition); see also Dkt 1-2 at ¶ 11 (state court petition). She further asserts that the car's driver fled the scene without speaking to her. Dkt 29-2 at 27. But Htike observed that car's license plate number, which was registered to a woman named Cynthia Burton. Ibid; see also Dkt 1-2 at ¶ 11. Htike alleges that Burton didn't at that time have car insurance. Dkt 1-2 at ¶ 11. But Burton wasn't named in Htike's state court petition and hasn't otherwise appeared or participated in this litigation.

Htike filed a claim for uninsured motorist benefits under her automobile liability insurance policy with State Farm. State Farm ultimately denied that claim. Id at ¶ 17.

Htike then brought action in Texas state court in June 2019, asserting claims for breach of contract and violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. See Dkt 1-2 at ¶¶ 17–28. State Farm removed to federal court, asserting diversity jurisdiction. Dkt 1 at ¶¶ 3–5. The extracontractual claims by Htike were subsequently abated pending judgment on the claim for breach of contract. Dkt 11.

State Farm moved for summary judgment after the close of discovery. Dkt 29.

### 2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict in favor of the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2010), quoting *Anderson*, 477 US at 248. Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving

party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008), citing *Ballard v Burton*, 444 F3d 391, 396 (5th Cir 2006).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015) (quotation omitted); see also *Celotex Corp v Catrett*, 477 US 317, 323 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice*, 783 F3d at 536 (quotation omitted). To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012) (citation omitted).

    3. Analysis

The subject insurance policy contains the following provision:

> Uninsured/Underinsured Motorists Coverage must: promptly report an accident involving a motor vehicle whose owner and driver remain unknown, to the police and to ***us***.

Dkt 29-3 at 41 (emphasis in original).

State Farm establishes that Htike didn't report the accident to the police. See Dkt 29-2 at 32–33. It argues on summary judgment that this means she failed to comply with a condition precedent.

Htike acknowledges that she failed to file a police report. See Dkt 30 at 1. Indeed, she testified that she didn't call the police because she was in a rush to get home because "her husband ha[d] an appointment." See Dkt 29-2 at 32. She instead resists summary judgment on assertion of waiver by State Farm and as a matter of public policy. Dkt 30 at 3–7.

*As to waiver*. Htike argues that State Farm waived its right to assert failure of a condition precedent as a defense.

See Dkt 30 at 3–5. She asserts that State Farm never informed her that she was required to file a police report, and that it attempted to settle this dispute by making "an offer of resolution." See id at 4–5; see also Dkt 30-1 at 2–3 (emails concerning settlement from State Farm).

A condition precedent may be waived. For example, see *Lemon v Hagood*, 545 SW3d 105, 118 (Tex App—El Paso 2017) (pet denied), citing *Sun Exploration and Production Co v Benton*, 728 SW2d 35, 37 (Tex 1987). Such waiver involves "the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *LaLonde v Gosnell*, 593 SW3d 212, 218–19 (Tex 2019) (quotation omitted). But the Fifth Circuit recognizes an important limitation in the insurance context: "Under Texas law, 'the doctrines of waiver and estoppel cannot be used to create insurance coverage where none exists under the terms of the policy.'" *American International Specialty Lines Insurance Co v Res-Care Inc*, 529 F3d 649, 658 (5th Cir 2008), quoting *State Farm Lloyds Inc v Williams*, 791 SW2d 542, 550 (Tex App—Dallas 1990) (writ denied) (citations omitted).

The fact that State Farm didn't inform Htike *after* the accident that she was required to file a police report doesn't here establish waiver of contractual terms. Quite simply, Htike was informed of the need to file a police report by her insurance policy. See Dkt 29-3 at 41. And it is well-established that where a party signs a written contract, Texas law "presumes that the party knows and accepts the contract terms." *National Property Holdings LP v Westergren*, 453 SW3d 419, 425 (Tex 2015) (collecting cases). Assertions about a supposed failure by State Farm to remind her of her own obligation falls well short of conduct "unequivocally inconsistent" with enforcing that same requirement. See *LaLonde*, 593 SW3d at 219. This is especially so where, as here, Htike points to no contractual obligation for State Farm to provide such reminder.

That the parties engaged in settlement discussions in no way establishes intent by State Farm to relinquish its right to defend against her claim on the merits. Rule 408(a)

4

of the Federal Rules of Evidence expressly prohibits this use of such discussions. That rule provides that neither offers of settlement nor statements made during such discussions are admissible "either to prove or disprove the validity" of a disputed claim. FRE 408(a). The proffered evidence of settlement discussions is improper and will be stricken.

*As to public policy.* Htike argues that "public policy supports allowing [her] to submit her uninsured motorist claims to a jury." Dkt 30 at 5. She asserts that violation by State Farm of two provisions under the Texas Insurance Code require that her contractual claim be allowed to proceed. Dkt 30 at 5–7. One such provision is § 542.055, which requires in part that an insurer "request from the claimant all items, statements, and forms that the insurer reasonably believes, at the time, will be required from the claimant." Another is § 542.056, which further requires an insurer to provide written notice of the acceptance or rejection of a claim within fifteen business days of receipt of such documents, and if the claim is rejected, the bases of that rejection. Htike argues that had State Farm made the required request and provided the required notice, she "would have had an opportunity to file a police report." Dkt 30 at 6–7.

General assertion of *public policy* can't rewrite the plain language of a contract. This is so because in Texas "'paramount public policy' mandates that courts 'are not lightly to interfere with [the] freedom of contract.'" *Shields LP v Bradberry*, 526 SW3d 471, 481 (Tex 2017) (quotation omitted). In that respect, "parties 'shall have the utmost liberty of contract, and their contracts when entered into freely and voluntarily shall be held sacred and shall be enforced by Courts of justice.'" Ibid (quotations omitted).

But State Farm engages in the insurance business in Texas, knowing full well that with this comes an extensive regulatory overlay. The literal lack of any rejoinder to this argument as to Texas Insurance Code §§ 542.055 & 542.056 in its reply is quite notable. And failure to address specific statutory requirements imposed on the contractual

relationship at issue is taken as waiver of opposition to their invocation by Htike. For example, see *Clayton v ConocoPhillips Co*, 722 F3d 279, 299 (5th Cir 2013) (argument not briefed in reply waived).

Summary judgment will be denied. To be clear, this isn't a determination that the cited provisions of the Texas Insurance Code apply in the manner asserted by Htike. It is a conclusion only as to waiver as a matter of summary judgment practice. State Farm may reassert this point of law at the final pretrial conference, if desired.

4. Conclusion

The motion for summary judgment by Defendant State Farm Mutual Automobile Insurance Company is DENIED. Dkt 29.

The evidence of settlement discussions submitted by Plaintiff Lwin Htike is STRICKEN. Dkt 30-1.

SO ORDERED.

Signed on November 8, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge